IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GEORGE FURPHY,

        Plaintiff,

v.                                                  CIVIL ACTION NO.  2:25-cv-00528

CHARLES "CHARLIE" DOE
and SLURRY PAVERS, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant Slurry Pavers, Inc.'s *Notice of Removal* (Document 1), *Defendant Slurry Pavers, Inc.'s Motion to Dismiss* (Document 4), *Defendant Slurry Pavers, Inc.'s Memorandum of Law in Support of Its Motion to Dismiss* (Document 5), the *Plaintiff's Response to Defendants' Motion to Dismiss* (Document 7), and *the Reply in Support of Defendant Slurry Pavers, Inc.'s Motion to Dismiss* (Document 9), as well as the *Complaint* (Document 1-1). For the reasons stated herein, the Court need not reach the issues under Defendant Slurry Pavers' motion to dismiss and finds that the case should be remanded for lack of jurisdiction.

**FACTUAL ALLEGATIONS**

The Plaintiff, George Furphy, a West Virginia resident, initiated this action in the Circuit Court of Nicholas County, West Virginia, on or about July 28, 2025. He named as Defendants Slurry Pavers, Inc., a Virginia corporation with its principal place of business in Richmond, Virginia, and an unknown supervisor of Defendant Slurry Pavers, Charles "Charlie" Doe, a West

Virginia resident. Defendant Slurry Pavers operates as a paving contractor in the State of West Virginia. Defendant Slurry Pavers removed the matter to federal court on September 9, 2025, asserting that Defendant Doe was fraudulently joined, and diversity exists absent consideration of his residency.

Mr. Furphy was employed by Defendant Slurry Pavers as a driver from July 18, 2023, to August 4, 2023. His job duties, which consisted of driving commercial vehicles primarily to transport asphalt for road maintenance, required him to have a commercial driver's license (CDL). Mr. Furphy made several safety related complaints during the course of his employment with the Defendant. First, he complained about frequent marijuana use by the Defendant's employees while staying in a hotel room with him. Specifically, he complained that he did not want members of his crew using drugs while on the job with him. In addition, he complained that he did not want to be exposed to marijuana usage because it would subject him to "second-hand smoke," and could cause him to test positive for marijuana, which, if he were pulled over, could cause him to lose his CDL, be arrested, and/or lose his work visa.

Second, Mr. Furphy complained about the Defendant's employees who did not have a CDL completing jobs that require such a license. Third, he complained about defective equipment on trucks assigned to him, such as "no inspection sticker, no insurance paperwork, lack of safety equipment, lack of air horn on truck, and other safety related measures." (Compl. at ¶ 12.) Mr. Furphy told his "supervisor, on many occasions, that the truck he was assigned was unsafe, and if there was an accident, he could be charged, arrested, and have his visa revoked." (*Id.* at ¶ 13.) All of Mr. Furphy's concerns were ignored by the Defendants, causing him to resign.

The Plaintiff's Complaint contains a single count alleging that Mr. Furphy was constructively discharged by the Defendants.

On November 3, 2025, in light of the Plaintiff not filing a motion to remand and to provide the Plaintiff with the opportunity to respond to the fraudulent joinder issue raised by the Defendant, this Court issued an order directing the Plaintiff to provide a response, if he intended to do so, by November 10, 2025. The Plaintiff did not file a response.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] If, however, a district court does not have original jurisdiction, the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c). This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

---

1  Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp.2d 481,488 (S.D. W. Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

While there must normally be complete diversity when a case is removed to federal court, the doctrine of fraudulent joinder "provides that diversity jurisdiction is not automatically defeated by naming of non-diverse parties." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015). This doctrine permits a district court to "disregard, for jurisdictional purposes, the

citizenship of certain nondiverse parties." *Id.* (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

"The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Johnson v. American Towers*, LLC, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Hartley*, 187 F.3d at 424). This high standard requires the party seeking removal to "establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Mayes*, 198 F.3d at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993)). When addressing a fraudulent joinder issue, "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

The Fourth Circuit has described the standard for fraudulent joinder as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424. Furthermore, "all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists" and "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks removed); *see also McCoy v. Norfolk Southern Ry. Co.*, 858 F.Supp.2d 639, 647 (S.D. W. Va. 2012) ("[F]raudulent joinder claims are subject to a rather black-and-white analysis," and "[a]ny shades of gray are resolved in favor of remand." (citing *Hartley*, 187 F.3d at 425)).

5

The *Hartley* court went on to explain:

> In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact. Allowing joinder…is proper in this case because courts should minimize threshold litigation over jurisdiction. *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464 n. 13, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) ("Jurisdiction should be as self-regulated as breathing; ... litigation over whether the case is in the right court is essentially a waste of time and resources." (internal quotation marks omitted)). Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

*Id.*

## DISCUSSION

The Plaintiff alleges in his complaint that Defendant Charles "Charlie" Doe, a West Virginia resident, was an unknown supervisor of Defendant Slurry Pavers, and that he knew Defendant Doe only as "Charlie." The Plaintiff asserts a *Harless* claim against Defendant Doe, alleging that he failed to make the workplace safe after the Plaintiff made several complaints, resulting in the Plaintiff's constructive discharge.

Defendant Slurry Pavers argues that the Plaintiff fraudulently joined Defendant Doe. Specifically, Defendant Slurry Pavers contends that Defendant Doe is not a supervisor of the Plaintiff, but rather, a co-worker. To support this contention, it attached an affidavit from its human resources director. Defendant Slurry Pavers argues that the Plaintiff was aware that Defendant Doe was not his supervisor and fraudulently joined him for the sole purpose of defeating federal jurisdiction. Defendant Slurry Pavers further argues that because Defendant Doe is not a

6

supervisor, there is no possibility that the Plaintiff would be able to establish a cause of action against him.

The Defendant has not met its burden of demonstrating that the Plaintiff fraudulently joined Defendant Doe.  First, the Court finds that there is no indication that the Plaintiff sought to join Defendant Doe for the sole purpose of defeating federal jurisdiction.  The Plaintiff was employed with Defendant Slurry Pavers for less than a month—from July 18, 2023, to August 4, 2023—before terminating his employment.  Further, the Plaintiff alleges that Defendant Doe is an unknown supervisor and that he knew Defendant Doe only as "Charlie."  Because the Plaintiff was employed for such a short period and appears to have barely known Defendant Doe, knowing him only by his first name, it is possible the Plaintiff genuinely thought that Defendant Doe was his supervisor, regardless of whether he was or not.

Second, the Court finds that the Defendant has failed to demonstrate that there is no possibility that the Plaintiff would be able to establish a cause of action against Defendant Doe. The Defendant concedes that a supervisor may be liable under a *Harless* claim.  (Def.'s Notice of Removal at ¶ 19.)  The question, therefore, ultimately turns on whether Defendant Doe was the Plaintiff's supervisor, and based on the record, Defendant Doe's status is not clear.  Discovery has not taken place. The Plaintiff alleged that Defendant Doe was his supervisor, while Defendant Slurry Pavers filed an affidavit from its human resources director, stating that he was a co-worker, not a supervisor.  Although Defendant Slurry Pavers submitted an affidavit, that single self-serving affidavit is insufficient to demonstrate that Defendant Doe was not the Plaintiff's supervisor. *See Santos Arita v. Stericycle, Inc.*, No. GLR-20-355, 2020 WL 6684871, at *3 (D. Md. November 12, 2020) ("[G]iven 'the Court's obligation to resolve any doubts about the

7

propriety of removal in favor of remand, the defendants' self-serving affidavit is insufficient to carry their burden of proof."); *see also Schoonmaker v. Emerson Climate Techs., Inc.*, No. 6:16-cv-03017-MDH, 2016 WL 1573003, at *3 (W.D. Mo. Apr. 19, 2016) (finding "two self-serving declarations stating [the Plaintiff's alleged supervisor] had no authority over the terms/conditions of [the] Plaintiff's employment. . . insufficient to establish fraudulent joinder").

Given the uncertainty regarding the role of Defendant Doe, the Court's jurisdiction is unsettled. Of course, any doubt regarding this Court's jurisdiction must be resolved in favor of state retained jurisdiction. Under these circumstances, the Court cannot proceed to address the substantive merits of the matter and, therefore, remand is appropriate.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that this case be **REMANDED** to the Circuit Court of Nicholas County, West Virginia, and **STRICKEN** from the docket of this Court. The Court further **ORDERS** that any pending motions be **TERMINATED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the Circuit Court of Nicholas County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER:     November 17, 2025

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA